### APPEAL OF VALDOSTA GROCERY CO.

Docket No. 1846.    Submitted May 12, 1925.    Decided September 30, 1925.

   1. Worthlessness of debts not proven.
   2. A stock dividend capitalized earned surplus in 1917. Thereafter the taxpayer had losses. *Held*, invested capital is reduced by the amount of such losses.

*Harry J. Gerrity, Esq.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

The Commissioner determined a deficiency in income and profits taxes for the calendar year 1918 amounting to $6,014.69, of which approximately $1,300 is in controversy. The errors alleged are the disallowance of a deduction for worthless debts in determining net income and the reduction of invested capital by reason of a deficit occurring after capitalizing surplus through stock dividends. The evidence is stipulated.

The taxpayer is a Georgia corporation.

Prior to December 31, 1917, it had upon its books certain accounts receivable, aggregating $389.32, for merchandise sold. On that date it placed these accounts in a separate account because it believed them to be doubtful. In 1918 it charged them off on its books as worthless, having prior thereto failed to collect. The Commissioner regarded these accounts as worthless in 1917, and in auditing the taxpayer's return for 1917 the amount was treated as a deduction.

The taxpayer's books of account showed the following:

| | | |
|---|---|---|
| Dec. 31, 1916, book surplus | | $50,333.16 |
| May 31, 1917, book profit, first quarter | $20,792.98 | |
| June 30, 1917, book profit, second quarter | 10,287.34 | |
|   Total book profit for half year | | 31,080.32 |
| July 1, 1917, book surplus | | 81,413.48 |
| Sept. 30, 1917, less stock dividends | | 80,000.00 |
|   Credit balance | | 1,413.48 |
| Sept. 30, 1917, less loss for third quarter | | 575.89 |
|   Credit balance | | 837.59 |
| Dec. 31, 1917, less loss for fourth quarter | | 11,737.71 |
|   Debit balance as shown above | | 10,900.12 |

The taxpayer claimed invested capital for 1918 of $91,967.59. The Commissioner determined invested capital to be $74,043.75, the reduction being to some extent attributable to his treatment of the losses as reducing invested capital after the declaration of the stock dividends.

DECISION.

The determination of the Commissioner is approved.

OPINION.

STERNHAGEN : The taxpayer, having received the deduction for the alleged bad debts for the year 1917, when they were unquestionably at least doubtful, now claims them for 1918, because it says it was not until then that they actually became worthless. But the evidence is not satisfactory. It is merely said by an affidavit of the book-keeper (admitted in evidence by consent) that efforts were made to collect, in one case by an attorney. What the efforts were or why they failed is not stated. The question for us is whether in fact the debts were ascertained to be worthless in the year claimed. Presumably the taxpayer thought they were or it would not have charged them off; but the mere repetition of the taxpayer's opinion does not prove that the charge off was well founded.

The effect of the taxpayer's contention as to invested capital is to say that, when surplus has once been capitalized by stock dividend, its impairment can not affect invested capital. But this overlooks the fact that invested capital is a creature of the statute and consists entirely of the factors enumerated in the statute. It is true that in many instances such factors consist of the assets shown on a balance sheet to offset capital stock and surplus, but an amount is not to be included in invested capital merely because it is shown on the balance sheet as capital stock. It may, under section 326(a) of the Revenue Act of 1918, represent only (1) actual cash paid in for stock or shares, (2) tangible property paid in for stock or shares, (3) a limited amount of intangible property paid in for stock or shares. No other items may be included within invested capital unless they are to be regarded within the remaining statutory class, paid in or earned surplus and undivided profits. That a surplus which is not otherwise properly included in invested capital does not become capital for invested capital purposes through the declaration of a stock dividend, has been decided by the Supreme Court in *La Belle Iron Works* v. *United States*, 256 U. S. 377. While a stock dividend may, as the Supreme Court has said in *Eisner* v. *Macomber*, 252 U. S. 189, subject the corporation to a more restricted handling of the assets so capitalized, it does not remove such assets from the class of surplus set forth in section 326(a) (3) and place them in one of the other classes enumerated. Under this statute a surplus for invested capital purposes is no less a surplus because it has been covered by new stock. Its impairment through an operating loss or deficit reduces invested capital just as effectively after the stock issue as it would if it were still shown on the balance sheet as surplus. The District Court for the District of Minnesota, Third Division, very recently, in *Milton Dairy Co.* v. *Willcuts*, 8 Fed. (2d) 178, in a clear opinion by Judge Molyneaux, held that earned surplus could only be included in invested capital to the extent of its net amount after accounting for a deficit.

ARUNDELL not participating.